1 NICOLA T. HANNA
United States Attorney
2 LAWRENCE S. MIDDLETON
Assistant United States Attorney
3 Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. Pending)
4 Assistant United States Attorney
General Crimes Section
5      1200 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone: (213) 894-6495
7      Facsimile: (213) 894-6269
       E-mail:   kevin.butler2@usdoj.gov
8
Attorneys for Plaintiff
9 UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,        No. CR 18-00876-SJO

13          Plaintiff,              [PROPOSED] PROTECTIVE ORDER
                                    REGARDING DISCOVERY CONTAINING
14          v.                      PERSONAL IDENTIFYING INFORMATION

15 ANDERSON SAM BONILLA ECHEGOYEN,
     aka "Anderson Samuel
16       Bonilla,"
     aka "Anderson Sam Echegoyen,"
17   aka "Anderson Sam Bonilla-
         Echegoyen,"
18
          Defendant.
19

20

21 The Court has read and considered the Stipulation and Joint Request

22 for a Protective Order Regarding Discovery Containing Personal

23 Identifying Information, filed by the government and defendant

24 Anderson Sam Bonilla Echegoyen ("defendant") in this matter on March

25 14, 2019, which this Court incorporates by reference into this

26 order, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as

27 follows:

28

1.    The government's discovery in this case relates to defendant's alleged crimes, that is a violation of violation of 18 § U.S.C. 1014: False Statement to a Financial Institution (Count 1); 18 U.S.C. § 1029(a)(2): Use of an Unauthorized Access Device (Count 2); and 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft (Count 3).  The discovery contains the personal identifying information of real persons, including, among other things, personal names, addresses, Social Security numbers, and bank account numbers.

2.    If the government were to redact all personal identifying information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise his client, or prepare for trial.

3.    The Court finds it is appropriate, therefore, for the government to produce unredacted discovery that contains personal identifying information, but preserves the privacy and security of the victims and third parties.  The Court agrees that a protective order as requested by the parties will serve the government's interest in maintaining the privacy and security of victims and third parties while permitting the defense to understand the government's evidence.

4.    Accordingly, the discovery that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

a.    For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the Protective Order.

b.    For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include defendant, his family members, or any other associates of defendant.

c.    Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

d.    The government is authorized to provide defendant's counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER."  If

defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

e.   Defendant may review Protected Information in this case only in the presence of a member of the defense team, and his counsel of record shall ensure that defendant is never left alone with any discovery subject to the Protective Order.  Defendant may see and review Protected Information in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time.  Defendant must return any Protected Information to the defense team at the conclusion of any meeting at which defendant is permitted to view the Protected Information.  Defendant may not take any Protected Information out of the room in which he is meeting with the defense team.  Defendant may not write down or memorialize any PII contained in the Protected Information.  At the conclusion of any meeting with defendant, the member of the defense team present shall take with him or her all Protected Information.  At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendant, whether he is incarcerated or not.

f.   The defense team shall not permit anyone other than the defense team to have possession of Protected Information, including defendant himself.

g.   The defense team shall access and use Protected Information for the sole purpose of preparing for trial or any related proceedings in this case.  The defense team may review Protected Information with a witness or potential witness in this

case, including defendant.  Before being shown any portion of Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

h.    The defense team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see Protected Information, (2) not divulging to anyone the contents of Protected Information, and (3) not permitting Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

i.    To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j.    The defense team shall use Protected Information and materials otherwise identified as containing PII only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing PII with the Court or divulge the contents

of such materials in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII and make all reasonable attempts to limit the divulging of PII.

k.    The parties also agree that any PII produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

l.    Upon the final disposition of this case, any Protected Information and materials otherwise identified as containing PII shall not be used, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing PII to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

m.    In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Protected Information or

1  materials otherwise identified as containing PII may be transferred

2  from the undersigned defense counsel to the new defense counsel, who

3  then will become the defense team's custodian of materials

4  designated subject to the Protective Order and who shall then become

5  responsible, upon the conclusion of appellate and post-conviction

6  proceedings, for returning to the government, certifying the

7  destruction of, or retaining pursuant to the Business and

8  Professions Code and the Rules of Professional Conduct all Protected

9  Information and materials otherwise identified as containing PII.

10

11     IT IS SO ORDERED.

12

13  March 14, 2019

14  DATE                                    HONORABLE S. JAMES OTERO
                                           UNITED STATES DISTRICT JUDGE

15

16  Presented by:

17   /s/Kevin J. Butler

18  KEVIN J. BUTLER
    Assistant United States Attorney

19

20

21

22

23

24

25

26

27

28