1 | NICOLA T. HANNA
United States Attorney
2 | BRANDON D. FOX
Assistant United States Attorney
3 | Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. Pending)
4 | Assistant United States Attorney
General Crimes Section
5 |     1200 United States Courthouse
     312 North Spring Street
6 |     Los Angeles, California 90012
     Telephone: (213) 894-6495
7 |     Facsimile: (213) 894-0141
     E-mail:   kevin.butler2@usdoj.gov
8 |
Attorneys for Plaintiff
9 | UNITED STATES OF AMERICA

10 |              UNITED STATES DISTRICT COURT

11 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,          No. CR 18-00876-SJO

13 |          Plaintiff,               STIPULATION REGARDING REQUEST
                                       FOR (1) CONTINUANCE OF TRIAL
14 |          v.                       DATE AND (2) FINDINGS OF
                                       EXCLUDABLE TIME PERIODS PURSUANT
15 | ANDERSON SAM BONILLA ECHEGOYEN,    TO SPEEDY TRIAL ACT
       aka "Anderson Samuel
16 |       Bonilla,"                   **CURRENT TRIAL DATE:**
     aka "Anderson Sam Echegoyen,"     **September 10, 2019**
17 | aka "Anderson Sam Bonilla-
       Echegoyen,"                     **PROPOSED TRIAL DATE:**
18 |                                   **November 19, 2019**
            Defendant.
19 |

20 |

21 |     Plaintiff United States of America, by and through its counsel

22 | of record, the United States Attorney for the Central District of

23 | California and Assistant United States Attorney Kevin J. Butler, and

24 | defendant ANDERSON SAM BONILLA ECHEGOYEN ("defendant"), both

25 | individually and by and through his counsel of record, Deputy

26 | Federal Public Defender David I. Wasserman, hereby stipulate as

27 | follows:

28 |

1.    The Indictment in this case was filed on December 18,
2018.  Defendant first appeared before a judicial officer of the
court in which the charges in this case were pending on February 19,
2019.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required
that the trial commence on or before April 30, 2019.

2.    On February 19, 2019, the Court set a trial date of April
16, 2019.

3.    As of July 22, 2019, defendant's bond was revoked and he
is currently detained pending trial.  The parties estimate that the
trial in this matter will last approximately one to two days.

4.    By this stipulation, defendant moves to continue the trial
date to November 19, 2019.  This is the second request for a
continuance.

5.    Defendant requests the continuance based upon the
following facts, which the parties believe demonstrate good cause to
support the appropriate findings under the Speedy Trial Act:

a.    Defendant is charged with violations of 18 U.S.C.
§ 1014: False Statement to a Financial Institution; 18 U.S.C.
§ 1029(a)(2): Use of an Unauthorized Access Device; and 18 U.S.C.
§ 1028A(a)(1)(3): Aggravated Identity Theft.  The government has
produced discovery to the defense, including approximately 150 pages
of reports, photographs, and criminal history records.

i.    Defense counsel is presently scheduled to be in
the following trials: (1) United States v. Naope, 17-745-FMO-3, a
multi-defendant drug trafficking case scheduled for trial on October
15, 2019; (2) United States v. Vidrio, 18-802-CJC, a drug
trafficking case scheduled for trial on October 22, 2019; (3) United
States v. Domingo, 19-313-SVW, a material support for terrorist

2

organizations case scheduled for trial on October 29, 2019; (4) _United States v. Araiza_, 18-870-JFW, a drug trafficking case scheduled for sentencing on November 8, 2019; (5) _United States v. Enriquez_, 19-146-GW, a drug trafficking case scheduled for trial on November 12, 2019; (6) _United States v. Vernon_, 17-28-MWF, a multi-defendant fraud case scheduled for sentencing on February 10, 2020; (7) _United States v. Waggoner_, 17-194-SVW-2, a fraud conspiracy case scheduled for trial on February 25, 2020. Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

b.    In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Defense counsel affirmatively represents that he believes the earliest he could be ready for trial is the date requested herein; he does not, and cannot, represent that he will unequivocally be ready on that date.

c.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

d.    The government does not object to the continuance.

3

1      e.    The requested continuance is not based on congestion
2  of the Court's calendar, lack of diligent preparation on the part of
3  the attorney for the government or the defense, or failure on the
4  part of the attorney for the Government to obtain available
5  witnesses.

6      f.    For purposes of computing the date under the Speedy
7  Trial Act by which defendant's trial must commence, the parties
8  agree that the time period of September 10, 2019 to November 19,
9  2019, inclusive, should be excluded pursuant to 18 U.S.C.
10 §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay
11 results from a continuance granted by the Court at defendant's
12 request, without government objection, on the basis of the Court's
13 finding that: (i) the ends of justice served by the continuance
14 outweigh the best interest of the public and defendant in a speedy
15 trial; (ii) failure to grant the continuance would be likely to make
16 a continuation of the proceeding impossible, or result in a
17 miscarriage of justice; and (iii) failure to grant the continuance
18 would unreasonably deny defendant continuity of counsel and would
19 deny defense counsel the reasonable time necessary for effective
20 preparation, taking into account the exercise of due diligence.

21     6.    Further, the parties have agreed to the following briefing
22 schedule for any pretrial motions: (1) any motions shall be filed by
23 September 17, 2019; (2) any oppositions shall be filed by October 1,
24 2019; and (3) any replies shall be filed by October 15, 2019.  The
25 parties respectfully request that the Court set a motion hearing on
26 October 22, 2019, or another date that same week as is convenient
27 for the Court.

28

7. Under the Speedy Trial Act, if the trial is continued to November 19, 2019, the last possible day for trial to commence would be December 3, 2019.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

DATED: August 21, 2019

NICOLA T HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s/
KEVIN J. BUTLER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//

//

//

//

//

//

//

1     I am ANDERSON SAM BONILLA ECHEGOYEN's attorney.  I have

2  carefully discussed every part of this stipulation and the

3  continuance of the trial date with my client. I have fully informed

4  my client of her Speedy Trial rights.  To my knowledge, my client

5  understands those rights and agrees to waive them.  I believe that

6  my client's decision to give up the right to be brought to trial

7  earlier than November 19, 2019, is an informed and voluntary one.

8  _____     8/21/19

9  DAVID I. WASSERMAN              Date
   Deputy Federal Public Defender

10  Attorney for Defendant
   ANDERSON SAM BONILLA ECHEGOYEN

11

12

13     I have read this stipulation and have carefully discussed it

14  with my attorney.  I understand my Speedy Trial rights.  I

15  voluntarily agree to the continuance of the trial date, and give up

16  my right to be brought to trial earlier than November 19, 2019.

17  _____     08-21-2019

18  ANDERSON SAM BONILLA ECHEGOYEN    Date
   Defendant

19

20

21

22

23

24

25

26

27

28