# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        vs.<br><br>ANDERSON SAM BONILLA ECHEGOYEN,<br><br>        Defendant. | Case No. LA CR18-00876 JAK<br><br>**JUDGMENT AND COMMITMENT ORDER RE REVOCATION OF SUPERVISED RELEASE** |

WHEREAS, on March 31, 2022, came the attorney for the Government, Thomas Rybarczyk, specially appearing, and the Defendant appeared in person represented by Deputy Federal Public Defender David Wasserman; and the Court having conferred with counsel and Defendant with respect to various waivers of constitutional rights and other matters related to Defendant's decision to admit the Allegations set forth in the Petition on Probation and Supervised Release filed August 25, 2021 (the "Petition"), the Court held a preliminary revocation of supervised release hearing,

WHEREAS, on March 31, 2022, the Defendant having admitted Allegation(s) 2-5, the Court finds that the Defendant violated the conditions of the supervised release order imposed on October 9, 2020[1].

IT IS ADJUDGED, upon the findings of the Court, the Defendant is found in violation of the terms and conditions of supervised release. The Court orders that the term of supervised release is revoked, vacated and set aside. Anderson Sam Bonilla Echegoyen is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of TIME SERVED, with forthwith release, to be followed by 30 months of supervised release, with the following modifications to the current conditions of supervision:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using alcohol and illicit drugs, and

---

[1] Refers to the original count(s) of conviction which resulted in the term of supervised release/probation.

from abusing prescription medications during the period of supervision.

4.     During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of  drugs. The defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer.

5.     As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

6.     The Court authorizes the Probation & Pretrial Services Office to disclose the Presentence Report to the substance abuse treatment provider to facilitate the defendant's treatment for narcotic addiction or drug dependency.  Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

7.     The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the program by the treatment provider, with the approval of the Probation Officer.

8.    The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

At the time of defendant's release, the Bureau of Prisons shall provide to him a 30-day supply of any prescribed medication(s) that are presently being administered to him; provided, however, if any such medication is not available to be so provided upon release, the defendant shall nevertheless be released. If any such medication becomes available promptly thereafter, the Bureau of Prisons shall contact defendant's counsel so that he can make arrangements with the Bureau of Prisons for it to be picked up. If the defendant is released without the aforementioned 30-day suppl(ies), and it is not expected that they can be provided promptly thereafter as stated above, the Bureau of Prisons shall make a good faith effort to provide the prescription(s) for the medication(s) to the defendant upon release so that defendant can seek to have them filled at a pharmacy. If those prescription(s) cannot be provided at the time of release, but can be provided promptly thereafter, the Bureau of Prisons shall contact defendant's counsel so that he can make arrangements with the Bureau of Prisons to pick up those prescription(s).

The Government's request to dismiss Allegation Number 1 is **GRANTED**.

Defendant is advised of his right of appeal.

IT IS ORDERED, that the Clerk deliver a copy of this Judgment modifying supervised release to the U.S. Marshal and the U.S. Probation Office, or other qualified officer.

Dated: March 31, 2022

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Dated: March 31, 2022     KIRY GRAY, CLERK OF THE COURT

 /s/ T. Jackson-Terrell
T. Jackson-Terrell, Deputy Clerk